ICG CONCERNED WORKERS
ASSOCIATION, Petitioner,

v.

UNITED STATES of America and
Interstate Commerce Commission,
Respondents,

IC Industries, Inc., Illinois Central Trans-
portation Company and Illinois Central
Railroad Company, Intervenors.

Patrick W. SIMMONS, Petitioner,

v.

INTERSTATE COMMERCE COMMIS-
SION, and United States of
America, Respondents,

Whitman Corporation, Illinois Central
Transportation Company and Illinois
Central Railroad, Intervenors.

Nos. 88–1764, 88–1833.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 14, 1989.

Betty Jo Christian, Timothy M. Walsh, Washington, D.C., and Janice Barber were on the motion to dismiss for intervenors, Whitman Corporation, et al., in Nos. 88–1764 and 88–1833. John J. Powers, III, and John P. Fonte, Washington, D.C., also entered appearances, for respondents.

Harry J. Jordan, Washington, D.C., Patrick C. Jordan, Fairfax Station, Va., were on the opposition to the motion to dismiss, for petitioner in No. 88–1764.

Gordon P. MacDougall, Washington, D.C., was on the opposition to the motion to dismiss, for petitioner in No. 88–1833.

Robert S. Burk, Gen. Counsel and Henry F. Rush, Deputy Gen. Counsel, and John J. McCarthy, Jr., Deputy Associate Gen. Counsel, I.C.C., were on the response, for respondents in Nos. 88–1764 and 88–1833.

Before WALD, Chief Judge, SILBERMAN and WILLIAMS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

These consolidated petitions for review challenge a September 30, 1988 order of the Interstate Commerce Commission ("ICC"). When both petitions for review were filed, requests for reconsideration, filed by parties other than the instant petitioners, were pending before the ICC. Intervenors have moved to dismiss both petitions for judicial review on the ground that the pendency of the reconsideration requests rendered the ICC decision nonfinal as to all parties. For the reasons that follow, we deny the motion to dismiss.

In the September 30, 1988 order, the ICC ruled that the spin-off of all the stock in Illinois Central Railroad Company by its parent, IC Industries Inc., was not subject to the ICC's jurisdiction. A petition to reconsider the September 30, 1988 decision was filed on October 12, 1988 by the Trustee of the Chicago, Missouri & Western Railway Company ("CMW"). On October 11, 1988, a class of plaintiffs in a related case, *Mister v. Illinois Central Gulf Railroad*, 832 F.2d 1427 (7th Cir.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 1597, 99 L.Ed.2d 911 (1988), sought leave to intervene in the subject ICC proceeding and lodged with the agency a motion for reconsideration of the September 30, 1988 ICC decision. On October 26, 1988, ICG Concerned Workers Association ("ICG") filed a petition for review in this court from the September 30, 1988 ICC order. On November 29, 1988, Patrick Simmons, Illinois Leg-

islative Director for the United Transportation Union, also filed a petition for review from the ICC order. On December 21, 1988, intervenors filed a motion to dismiss the petitions for review in view of the court's recent decision in *United Transportation Union v. ICC*, 871 F.2d 1114 (D.C. Cir.1989) ("*UTU*"), arguing that the pendency of the motions for agency reconsideration rendered the ICC order nonfinal as to all parties. On April 3, 1989, the ICC took final action on the various reconsideration matters. Petitioner ICG thereafter filed a supplemental petition for review and petitioner Simmons filed a new petition for review.

In *UTU*, the same party sought both judicial review and agency reconsideration. This court dismissed the petition for review holding that the pendency of the motion for agency reconsideration rendered the underlying agency action nonfinal with respect to the petitioning party. 871 F.2d at 1118. In *TeleSTAR, Inc. v. FCC*, 888 F.2d 132 (D.C.Cir.1989) (*per curiam*) ("*TeleSTAR*"), as in *UTU*, the same party petitioned for both judicial review and agency reconsideration. While the petition for review was pending, the agency completed the reconsideration process. The court nonetheless held that a premature petition for review does not ripen and become effective to vest this court with jurisdiction once an agency issues its final decision on reconsideration. *See TeleSTAR*, 888 F.2d at 134. Even though the reconsideration process has been concluded at the ICC, this court must still address the motion to dismiss. Both *TeleSTAR* and *UTU* involved situations where the same party sought judicial review and agency consideration simultaneously. This case presents the situation unresolved by *TeleSTAR* and *UTU*—where the parties seeking judicial review were not the parties seeking agency reconsideration.

The Administrative Orders Review Act, 28 U.S.C. §§ 2341, *et seq.* (1982) (the Hobbs Act), and 49 U.S.C. § 10327(i) set forth the relevant statutory framework upon which this court may properly review ICC decisions. Hobbs Act § 2342(5) vests the courts of appeals with "exclusive jurisdic-

tion to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all rules, regulations, or final orders of the Interstate Commerce Commission made reviewable by section 2321 of this title and all final orders of such Commission made reviewable under section 1190(j)(2) of title 49, United States Code." 28 U.S.C. § 2342(5). *See also* 28 U.S.C. § 2321(a). Section 10327(i) of title 49 provides:

> Notwithstanding this subtitle [the provision authorizing the Commission to reconsider its orders, 49 U.S.C. § 10327(g) ], an action of the Commission under this section and an action of a designated division under subsection (c) of this section is final on the date on which it is served, and a civil action to enforce, enjoin, suspend, or set aside the action may be filed after that date.

49 U.S.C. § 10327(i) (1982).

In *ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 284–85, 107 S.Ct. 2360, 2368–69, 96 L.Ed.2d 222 (1987) (*"BLE"*), the Supreme Court held that § 10327(i) merely "relieve[s] parties from the requirement of petitioning for rehearing before seeking judicial review." The Court went on to rule that a timely petition for administrative reconsideration stays the running of the Hobbs Act's limitation period until the petition has been acted on by the Commission. *Id.* The Court, however, did not address whether filing for administrative reconsideration would render the agency's action nonfinal for purposes of judicial review.

Based upon the decision in *BLE,* this court in *UTU* held that a pending petition for administrative reconsideration renders the underlying agency action nonfinal, and hence unreviewable, with respect to the petitioning party. 871 F.2d at 1114. United Transportation Union had sought judicial review of an ICC order denying its request to reopen the administrative record. Prior to filing for judicial review, United Transportation Union had petitioned the Commission to reconsider its refusal to reopen the record. In determining the agency action to be nonfinal, this court noted:

Petitioners have the option of proceeding directly to the court of appeals, or giving the agency another chance to consider the matter and applying to the court of appeals afterward. We can see no justification for allowing a petitioner to apply to both the court and the agency at the same time. On the contrary, *such a regime could lead only to a waste of resources on the part of the agency, or the court, or both, without any countervailing benefit.*

*Id.* at 1118 (emphasis in original) (quoting *West Penn Power Co. v. EPA,* 860 F.2d 581, 586 (3d Cir.1988)). The court concluded that until the Commission disposed of the petition for reconsideration or United Transportation Union withdrew its reconsideration request, the court would have no jurisdiction to review the agency's action. *UTU,* 871 F.2d at 1118.

In *UTU,* this court relied in part on the Third Circuit's decision in *West Penn,* and the Eighth Circuit's decision in *Winter v. ICC,* 851 F.2d 1056, 1062 (8th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 308, 102 L.Ed.2d 327 (1988). *See* 871 F.2d at 1117–18. In those cases, the Third and Eighth Circuits held that "courts of appeals cannot have jurisdiction over a petition for review when a petition for reconsideration brought by the *same party* is pending before the agency." *West Penn,* 860 F.2d at 587 (emphasis added). *See Winter,* 851 F.2d at 1062 (same party may not simultaneously seek judicial review and administrative review).

 Although neither of those cases involved the multi-party situation, both courts discussed its potentiality. They announced that "finality with respect to agency action is a party-based concept." *West Penn,* 860 F.2d at 586. *See Winter,* 851 F.2d at 1062 ("[I]n multi-party proceedings one party may seek judicial review of an agency decision while another party seeks administrative reconsideration, resulting in both tribunals having jurisdiction."). Under this approach, reviewability of an agency action turns in part on the conduct of the petitioning parties. If a party has sought only judicial review, the agency ac-

tion can be deemed final and hence reviewable as to that party, regardless of whether other parties have moved for administrative reconsideration. *West Penn*, 860 F.2d at 586–87. Once a party has filed for administrative reconsideration, however, the agency action with respect to that party is nonfinal, and thus nonreviewable, until the agency acts on the reconsideration request. *UTU*, 871 F.2d at 1114; *Winter*, 851 F.2d at 1062. Consequently, in the multi-party situation, an agency decision may be final with respect to some parties but nonfinal with respect to other parties. *West Penn*, 860 F.2d at 86–87; *Winter*, 851 F.2d at 1062.

In reasoning that a single agency action may be final for one party, yet nonfinal for another, the Third Circuit explained:

> [In the multi-party situation] some waste of resources is tolerated when one party seeks administrative reconsideration and another seeks judicial review....
>
> A single agency action can affect a large number of parties. In getting rid of the requirement that the parties ask the agency for reconsideration before going to court, Congress evinced a desire to allow parties who so desire to get speedy judicial relief. If any party could render an action nonfinal for all, simply by filing a petition for reconsideration, this purpose would be thwarted; parties seeking judicial relief would be forced to wait until the agency disposed of the reconsideration petitions filed by others.

860 F.2d at 587. The Third Circuit noted that these arguments do not apply to cases "in which the party in court is the party who petitioned the agency for reconsideration" since "no one has forced such party

to remain at the agency level; the party itself has opted to do so." *Id.*

Other case precedent supports the "party-based concept" of finality with respect to agency actions. *See American Farm Lines v. Black Ball*, 397 U.S. 532, 541, 90 S.Ct. 1288, 1293–94, 25 L.Ed.2d 547 (1970) ("In multi-party proceedings ... some may seek judicial review and others may seek administrative reconsideration. 'That both tribunals have jurisdiction does not mean, of course, that they will act at cross purposes.' The concept 'of indivisible jurisdiction which must be all in one tribunal or all in the other may fit' some statutory schemes, but it does not fit this one.") (citations omitted).

 Adopting the "party-based" approach to finality, we hold that the pendency of a reconsideration request filed by one party does not render a decision nonfinal as to other parties who exclusively seek appellate review. Accordingly, we deny the motion to dismiss the petitions for review filed by ICG and Simmons. Since ICG and Simmons did not move for administrative reconsideration, the Commission's order as to these parties is final for purposes of judicial review. The supplemental petition for review filed by ICG is dismissed, since the original petition for review filed by that party was timely and it effectively presents a challenge to the ICC's September 30, 1988 order.