920 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
B.J. ALAN COMPANY, INC., Olde Glory Marketing, Limited,
Neptune Fireworks Company, Inc., Petitioners,
v.
INTERSTATE COMMERCE COMMISSION, United States of America, Respondents
 No. 90-3715.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1990.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioners seek review of a decision by the respondent, the Interstate Commerce Commission (ICC) concerning a tariff provision by the intervenors excluding the transportation of common fireworks. Respondent now moves to dismiss the petition for review. The petitioners move to hold the briefing schedule in abeyance. The intervenors respond in support of the respondents' motion to dismiss and in opposition to the petitioners' motion to hold briefing in abeyance. The petitioners respond in opposition to the intervenors' response.
 
 
 2
 Specifically, petitioners seek review of a June 18, 1990 ICC order denying the petitioners' request to reopen proceedings regarding the intervenor's challenged tariff provision. On June 26, 1990 the petitioners filed a second petition with the ICC to reopen and reconsider the proceedings. That petition is now pending before the Commission. On August 17, 1990 petitioners filed a petition for review of the ICC's June 18 order in this court.
 
 
 3
 A court of appeals cannot have jurisdiction over a petition for review when a petition for reconsideration brought by the same party is pending before the agency. ICG Concerned Workers Ass'n v. U.S., 888 F.2d 1455, 1457 (D.C.Cir.1989). See also, United Transportation Union v. ICC, 871 F.2d 1114, 1118 (D.C.Cir.1989). A premature petition for review does not ripen and become effective to vest this court with jurisdiction once an agency issues its final decision on reconsideration. TeleSTAR, Inc. v. FCC, 888 F.2d 132, 134 (D.C.Cir.1989) (per curiam).
 
 
 4
 Upon review and consideration, we conclude that the ICC's June 18 order is not final with regard to the petitioners and that the August 17 petition for review is premature. The August 17 petition will not vest this court with jurisdiction upon issuance of a final decision by the ICC.
 
 
 5
 It is therefore ORDERED that the motion to dismiss is granted. This dismissal is without prejudice to petitioners right to perfect a timely petition for review upon issuance of a final order by the ICC. However, this court specifically declines to rule at this time on whether this court is the court of proper venue for the filing of such a petition. The motion to hold the briefing schedule in abeyance is dismissed as moot.