**32 COUNTY SOVEREIGNTY COMMITTEE, et al., Petitioners,**

v.

**DEPARTMENT OF STATE and Colin L. Powell, Secretary of State, Respondents.**

No. 01–1270.

United States Court of Appeals, District of Columbia Circuit.

Argued May 14, 2002.

Decided June 14, 2002.

Lynne Bernabei argued the cause for petitioners. With her on the briefs were Alan R. Kabat and Debra S. Katz.

Douglas N. Letter, Litigation Counsel, U.S. Department of Justice, argued the cause for respondents. With him on the brief were Roscoe C. Howard, Jr., U.S.

Attorney, and Linda Jacobson, Assistant Legal Adviser, U.S. Department of State.

Before: GINSBURG, Chief Judge, RANDOLPH and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

Petitioners are three Irish political organizations: the 32 County Sovereignty Committee and its successor entity, the 32 County Sovereignty Movement (collectively, "32 County") and the Irish Republican Prisoners Welfare Association. They seek review of their designation as "foreign terrorist organizations." 8 U.S.C. § 1189.

We have decided two cases arising under the portion of the Antiterrorism and Effective Death Penalty Act of 1996 conferring upon the Secretary of State the power to designate foreign terrorist organizations. See Nat'l Council of Resistance of Iran v. Dep't of State, 251 F.3d 192 (D.C.Cir.2001); People's Mojahedin Org. of Iran v. Dep't of State, 182 F.3d 17 (D.C.Cir.1999). We assume familiarity with those opinions, and with the unique operation of 8 U.S.C. § 1189, and its procedure for designation and for judicial review. See People's Mojahedin, 182 F.3d at 21–22.

On May 16, 2002, the Secretary designated the "Real IRA," a militant group that seeks to end British rule in Northern Ireland, as a foreign terrorist organization; the Secretary's publication of the designation in the Federal Register also listed petitioners as aliases of the Real IRA. See 66 Fed. Reg. 27,442. On June 8, 2001, we issued our decision in National Council, holding that two Iranian organizations the Secretary had listed as foreign terrorist organizations were entitled to the protection of the Due Process Clause of the Fifth Amendment because they had "developed substantial connections with this country,"

251 F.3d at 202, and remanding to the Secretary, see id. at 209. Five days later, 32 County and the Association jointly sent a letter to the Secretary of State requesting that he "reopen the administrative record" pertaining to their designations so that they could receive the process ordered in National Council. The organizations filed a petition for review with this court the next day. After an exchange of letters between counsel for petitioners and the Department of Justice attorney representing the State Department concerning the presence of 32 County and the Association within the United States, the government's attorney notified petitioners by mail dated August 20, 2001, that the State Department "hereby denies [their] request for the procedures described by the D.C. Circuit in National Council of Resistance."

■ When a party seeks agency reconsideration and then files a petition for judicial review, we dismiss the petition as "incurably premature." Tenn. Gas Pipeline Co. v. FERC, 9 F.3d 980, 980–81 (D.C.Cir. 1993). The matter is one of jurisdiction. Because petitioners requested the Secretary of State to reopen the record and, while the request was pending, sought judicial review of the Secretary's designation, we sua sponte raised the question of our jurisdiction, see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), and ordered the parties to limit their oral argument to this issue.

■ A "party's pending request for agency reconsideration renders 'the underlying action nonfinal, regardless of the order of filing' with respect to that party," thereby preventing a court from exercising jurisdiction over the petition. Columbia Falls Aluminum Co. v. EPA, 139 F.3d 914, 919 (D.C.Cir.1998) (quoting Wade v. FCC, 986 F.2d 1433, 1434 (D.C.Cir.1993)). "A request for a new rulemaking, however,

would not pose any problem for our subject matter jurisdiction. *See American Mining Congress v. EPA,* 907 F.2d 1179, 1185 (D.C.Cir.1990). Once a rule is final, an agency can amend it only through a new rulemaking." *Columbia Falls,* 139 F.3d at 919.

■ Section 1189, a statute that is "unique, procedurally and substantively," *People's Mojahedin,* 182 F.3d at 19, nowhere mentions requests for reconsideration. But it does provide that the Secretary may revoke a designation on the basis of changed circumstances by publishing the revocation in the Federal Register. *See* 8 U.S.C. § 1189(a)(6) & (a)(2)(A)(ii). Petitioners' ultimate claim in this case is that the Secretary of State unlawfully considered them alter egos of the Real IRA. When petitioners requested the Secretary to "reopen" the record, they were seeking to have their designation revoked. Although the analogy is not perfect, petitioners' request appears to us to be similar to a request for a new rulemaking. Their designation was itself forward-looking, as a rule would have been, and under § 1189, the Secretary could have revoked the designation only by again publishing a notice to that effect in the Federal Register. *See* 8 U.S.C. § 1189(a)(6)(B); *id.* § 1189(a)(2)(A)(2). Viewed in this manner, the letters petitioners sent to the State Department did not render the designation "nonfinal." *See Am. Mining Cong.,* 907 F.2d at 1185.

This analysis is consistent with our decision in *National Council,* which petitioners invoked when they sought to have the record reopened. Although we said there that the designation without a hearing violated the due process rights of the Iranian organizations, we did not vacate the designation, but instead remanded for further proceedings, presumably on the issue whether the Secretary should *revoke* the designations after considering the evidence

the designees offered. *See* 251 F.3d at 209. In short, the final agency action— that is, the Secretary's publication in the Federal Register—remained final despite petitioners' request to reopen the record. Our jurisdiction is therefore not in doubt.

■ Turning to the merits, we think it clear that *People's Mojahedin,* rather than *National Council,* governs this case. In *People's Mojahedin* we held that "[a] foreign entity without property or presence in this country has no constitutional rights, under the due process clause or otherwise." 182 F.3d at 22. 32 County and the Association have demonstrated neither a property interest nor a presence in this country. They cannot "rightly lay claim to having come within the United States and developed substantial connections with this country." *National Council,* 251 F.3d at 202. Even the unclassified record in *National Council* revealed that the designated organizations had "an overt presence within the National Press Building . . . and . . . claim[ed] an interest in a small bank account." *Id.* at 201. In contrast, the affidavits petitioners submitted in this case demonstrate only that some of their American "members" personally rented post office boxes and utilized a bank account to transmit funds and information to 32 County and the Association in Ireland. The affidavits do not aver that either organization possessed any controlling interest in property located within the United States, nor do they demonstrate any other form of presence here. The Secretary therefore did not have to provide 32 County or the Association with any particular process before designating them as foreign terrorist organizations.

With respect to the substance of the Secretary's action against petitioners, the administrative record (including the classified information relied upon by the Secretary) furnishes substantial support for the

Secretary's designation of 32 County and the Association as foreign terrorist organizations. We are satisfied that "the Secretary, on the face of things, had enough information before [him] to come to the conclusion that [32 County and the Association] were foreign and engaged in terrorism." *People's Mojahedin,* 182 F.3d at 25; *see National Council,* 251 F.3d at 198–99. The petition for judicial review is therefore denied.

*So ordered.*