*758 Concurring opinion filed by Circuit Judge HENDERSON.
Concurring opinion filed by Circuit Judge KAVANAUGH, with whom Circuit Judges BROWN and GRIFFITH join.
Concurring opinion filed by Circuit Judge MILLETT.
Concurring opinion filed by Circuit Judge WILKINS.
Joint Dissenting opinion filed by Circuit Judges ROGERS, TATEL, and PILLARD.
PER CURIAM:
Bahlul is a member of al Qaeda who assisted Osama bin Laden in planning the September 11, 2001, attacks on the United States. Bahlul was convicted by a U.S. military commission of the offense of conspiracy to commit war crimes, among other offenses. The U.S. Court of Military Commission Review affirmed Bahlul’s conviction.
In a prior en banc decision, we recounted the facts and considered Bahlul’s Ex Post Facto Clause objection to the conspiracy conviction. Applying plain error review, we concluded that the Ex Post Facto Clause did not preclude the conspiracy charge against Bahlul. See Al Bahlul v. United States, 767 F.3d 1 (D.C. Cir. 2014) (en banc).
In this en banc case, Bahlul argues that Articles I and III of the Constitution bar Congress from making conspiracy an offense triable by military commission, because conspiracy is not an offense under the international law of war.
We affirm the judgment of the U.S. Court of Military Commission Review upholding Bahlul’s conspiracy conviction. Six judges—Judges Henderson, Brown, Griffith, Kavanaugh, Millett, and Wilkins— have voted to affirm. Three judges— Judges Rogers, Tatel, and Pillard—dis-sent.
Of the six-judge majority, four judges (Judges Henderson, Brown, Griffith, and Kavanaugh) would affirm because they conclude that, consistent with Articles I and III of the Constitution, Congress may make conspiracy to commit war crimes an offense triable by military commission. They would uphold Bahlul’s conspiracy conviction on that basis.
Judge Millett would apply plain error review and affirm Bahlul’s conviction under that standard of review. She would not reach the question of whether. Congress may make inchoate conspiracy an offense triable by military commission.
Judge Wilkins would affirm because he concludes that the particular features of Bahlul’s conviction demonstrate that Bah-lul was not convicted of an inchoate conspiracy offense. He further concludes that Bahlul’s conviction complies with the Constitution because the particular features of Bahlul’s conviction have sufficient roots in international law. He therefore would not reach the question of whether Congress may make inchoate conspiracy an offense triable by military commission.
Judges Rogers, Tatel, and Pillard have filed a Joint Dissent. They conclude that Article III of the Constitution bars Congress from making inchoate conspiracy an offense triable by a law-of-war military commission.
Bahlul has also raised First Amendment and Equal Protection challenges to his conviction. The Court rejects those challenges. See Kavanaugh Concurring Op. at *759 770 n.12; Millett Concurring Op. at 775, 796-97; Wilkins Concurring Op. at 804. The Joint Dissent neither reaches those claims nor adopts the above characterization of the facts.
⅜ ⅜ ⅜
We affirm the judgment of the U.S. Court of Military Commission Review up: holding Bahlul’s conspiracy conviction.

So ordered,