# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 21, 2016      Decided March 3, 2017

No. 14-1196

FEDEX HOME DELIVERY, AN OPERATING DIVISION OF FEDEX
GROUND PACKAGE SYSTEM, INC.,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

———

Consolidated with 15-1066, 15-1116

———

On Petitions for Review and Cross-Application
for Enforcement of Orders of
the National Labor Relations Board

———

*Maurice Baskin* argued the cause for petitioner. With
him on the briefs was *Joshua Waxman*.

*Michael J. Gray*, *E. Michael Rossman*, *Steven P.
Lehotsky*, *Warren Postman*, *Richard Pianka*, and *Linda E.
Kelly* were on the brief for *amici curiae* Chamber of Commerce

1

of the United States of America, American Trucking Associations & National Association of Manufacturers in support of petitioner.

*Kellie Isbell*, Attorney, National Labor Relations Board, argued the cause and filed the brief for respondent. With her on the brief were *Richard F. Griffin*, *Jr*., General Counsel, *John H. Ferguson*, Associate General Counsel, *Linda Dreeben*, Deputy Associate General Counsel, and *Robert Englehart*, Supervisory Attorney.

*James B. Coppess* argued the cause and filed the brief for *amicus curiae* AFL-CIO in support of respondent. With him on the brief were *Lynn K. Rhinehart*, *Matthew J. Ginsburg*, and *Laurence Gold*.

Before: HENDERSON, KAVANAUGH, and MILLETT, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* MILLETT.

MILLETT, *Circuit Judge*: FedEx Home Delivery ("FedEx") offers package-delivery services to residential customers throughout the United States. In *FedEx Home Delivery v. NLRB (FedEx I)*, 563 F.3d 492 (D.C. Cir. 2009), this court held that single-route FedEx drivers working out of Wilmington, Massachusetts are independent contractors, not employees, as the latter term is defined in the National Labor Relations Act, *id.* at 504. In this case, the National Labor Relations Board held, on a materially indistinguishable factual record, that single-route FedEx drivers are statutorily protected employees, not independent contractors, when located in Hartford, Connecticut. Both cannot be right. Having already answered this same legal question involving the same parties and functionally the same factual record in *Fed Ex I*, we give the same answer here. The Hartford single-route FedEx drivers are independent contractors to whom the National Labor

Relations Act's protections for collective action do not apply. We accordingly grant FedEx's petitions, vacate the Board's orders, and deny the Board's cross-application for enforcement.

## I.

### A.

The National Labor Relations Act, 29 U.S.C. §§ 151–169, offers a variety of protections to "employees" in workplaces across the United States. The Act is explicit, however, that the term "'employee' * * * shall not include * * * any individual having the status of an independent contractor[.]" *Id.* § 152(3). Accordingly, "[t]he jurisdiction of the NLRB extends only to the relationship between an employer and its 'employees'; it does not encompass the relationship between a company and its 'independent contractors.'" *C.C. Eastern, Inc. v. NLRB*, 60 F.3d 855, 857 (D.C. Cir. 1995).

In *NLRB v. United Insurance Company of America*, 390 U.S. 254 (1968), the Supreme Court held that the determination whether a worker is a statutorily protected "employee" or a statutorily exempt "independent contractor" is governed by "common-law agency" principles, *id.* at 256. In applying the common law, the Supreme Court stressed that "there is no shorthand formula or magic phrase that can be applied to find the answer." *Id.* at 258. Rather, "all of the incidents of the relationship must be assessed and weighed with no one factor being decisive." *Id.* "What is important," the Supreme Court explained, "is that the total factual context is assessed in light of the pertinent common-law agency principles." *Id.*

Following *United Insurance*, the Board and this court have generally consulted the Restatement (Second) of Agency for guidance in conducting the common-law agency analysis.

3

*See Lancaster Symphony Orchestra v. NLRB*, 822 F.3d 563, 565–566 (D.C. Cir. 2016); *North Am. Van Lines, Inc. v. NLRB*, 869 F.2d 596, 599–600 (D.C. Cir. 1989).[1] The Restatement (Second) of Agency provides a non-exhaustive list of ten factors to consider in deciding whether a worker is an independent contractor: "(1) 'the extent of control' the employer has over the work; (2) whether the worker 'is engaged in a distinct occupation or business'; (3) whether the 'kind of occupation' is 'usually done under the direction of the employer or by a specialist without supervision'; (4) the 'skill required in the particular occupation'; (5) whether the employer or worker 'supplies the instrumentalities, tools, and the place of work for the person doing the work'; (6) the 'length of time for which the person is employed'; (7) whether the employer pays 'by the time or by the job'; (8) whether the worker's 'work is a part of the regular business of the employer'; (9) whether the employer and worker 'believe they are creating' an employer-employee relationship; and (10) whether the employer 'is or is not in business.'" *Lancaster Symphony*, 822 F.3d at 565–566 (quoting RESTATEMENT (SECOND) OF AGENCY § 220(2) (1957)).

**B.**

FedEx operates a package-delivery terminal in Hartford, Connecticut. Drivers for FedEx deliver packages along certain "routes" that are designated by FedEx. A driver may serve a single route or multiple routes. Both single-route and multi-route drivers operate out of the Hartford location. In 2007, the Hartford single-route drivers elected Teamsters

---

[1]  *See also, e.g.*, *Local 777, Democratic Union Org. Comm. Seafarers Int'l Union of N. Am., AFL-CIO v. NLRB*, 603 F.2d 862, 870 n.22 (D.C. Cir. 1978); *Arizona Republic*, 349 N.L.R.B. 1040, 1042 (2007); *St. Joseph News-Press*, 345 N.L.R.B. 474, 477–478 (2005); *Argix Direct, Inc.*, 343 N.L.R.B. 1017, 1020 & n.13 (2004).

Local 671 ("Union") to represent them.  FedEx subsequently filed objections to the election with the Board.

While that administrative appeal was pending, this court decided *FedEx I*, holding that FedEx drivers at the company's Wilmington, Massachusetts terminals were "independent contractors" within the meaning of the National Labor Relations Act.  563 F.3d at 504.  In so holding, *FedEx I* explained that application of the common-law agency test by both the Board and this court had shifted over time.  *See id.* at 496–497.  For a period, the Board had focused on "an employer's right to exercise control" over the workers' performance of their jobs.  *Id.* at 496.  Gradually, however, the Board began to place "emphasis" on what this court described as "a more accurate proxy:  whether the 'putative independent contractors have significant entrepreneurial opportunity for gain or loss.'"  *Id.* at 497 (quoting *Corporate Express Delivery Sys. v. NLRB*, 292 F.3d 777, 780 (D.C. Cir. 2002)).

Examining the factual record, *FedEx I* noted that some of the common-law factors supported employee status, while others were consistent with the drivers being independent contractors.  *See* 563 F.3d at 503–504.  Looking at those factors through the lens of entrepreneurial opportunity, however, this court concluded that the indicia of independent contractor status "clearly outweighed" the factors that would support employee status.  *Id.* at 504; *see id.* at 498–502.

FedEx subsequently filed a motion with the Board in the Hartford case to dismiss the order against it, principally arguing that *FedEx I* compelled a ruling in its favor.  The Board, however, issued a decision certifying the Union as the exclusive representative of the Hartford single-route drivers, without addressing *FedEx I* or FedEx's motion to dismiss.  FedEx then filed a motion for reconsideration, which the Board rejected in relevant part as "untimely" and "lack[ing] merit."  D.A. 359–360 & n.2.

5

FedEx then refused to bargain with the Union, prompting the Union to file unfair labor practice charges against the company. On October 29, 2010, the Board ruled that FedEx violated Section 8(a)(5) of the Act, 29 U.S.C. § 158(a)(5), by refusing to bargain.

FedEx then filed in this court a petition for review of the Board's October 2010 unfair-labor-practice decision, seeking summary disposition based on *FedEx I*. Before this court ruled, the Board *sua sponte* vacated its decision and order. We accordingly dismissed FedEx's petition and motion as moot.

Three years later, the Board issued a revised decision and order. *FedEx Home Delivery*, 361 N.L.R.B. No. 55 (Sept. 30, 2014). Accepting that *FedEx I* and the case at hand dealt with "virtually identical" facts, the Board admitted that *FedEx I* "[could not] be squared with the Regional Director's determination" that the FedEx drivers at the Hartford terminal were "employees" under the Act. *Id.* at 8. Nevertheless, the Board "decline[d] to adopt [*FedEx I*'s] interpretation of the Act." *Id.* Specifically, the Board disagreed with *FedEx I*'s treatment of "entrepreneurial opportunity * * * as an 'animating principle'" for determining whether a worker is an "employee" or an "independent contractor" under the Act. *FedEx Home Delivery*, 361 N.L.R.B. No. 55, at 1 (quoting *FedEx I*, 563 F.3d at 497). In the Board's view, entrepreneurial opportunity should merely be one "part of a broader factor that * * * asks whether * * * [a] putative independent contractor is, in fact, rendering services as part of an independent business." *Id.* at 10.

The Board added that the "independent-business factor" should not receive any special weight in the overall common-law agency analysis. Rather, in light of the Supreme Court's instruction in *United Insurance* that "all of the incidents of the relationship must be assessed and weighed

6

with no one factor being decisive," *FedEx Home Delivery*, 361 N.L.R.B. No. 55, at 9 (quoting *United Insurance*, 390 U.S. at 258), the Board reasoned that "the weight given to the independent-business factor will depend upon the factual circumstances of the particular case," *id.* at 12. To the extent that past Board decisions were inconsistent with those principles, the Board declared them to be overruled. *Id.*

Applying its newly announced approach, the Board concluded that the single-route FedEx drivers based at the Hartford terminal were "employees" under the Act. *FedEx Home Delivery*, 361 N.L.R.B. No. 55, at 12–16. The Board emphasized, in particular, the "pervasive control" FedEx exerts "over the essential details of [its] drivers' day-to-day work," and the "core" nature of the drivers' work to FedEx's business operations. *Id.* at 12, 14.

FedEx again filed a petition for review in this court, as well as a motion for reconsideration with the Board, which the Board denied. *FedEx Home Delivery*, 362 N.L.R.B. No. 29 (Mar. 16, 2015). FedEx then filed a second petition for review challenging the Board's denial of reconsideration. The Board filed a cross-application for enforcement of its order.

**II.**

As FedEx correctly argues, the question before this court was already asked and answered in *FedEx I*. This case involves the exact same parties—the Board and FedEx Home Delivery—as *FedEx I*. The facts are acknowledged by the Board to be "virtually identical," *see FedEx Home Delivery*, 361 N.L.R.B. No. 55, at 8, and the Board makes no effort to distinguish the two cases factually. The purely legal question to be decided also is exactly the same: whether the same materially indistinguishable facts that added up to independent-contractor status in *FedEx I* add up to independent-contractor status in *FedEx* round two.

7

It is as clear as clear can be that "the *same issue* presented in a *later case* in the *same court* should lead to the *same result*." *In re Grant*, 635 F.3d 1227, 1232 (D.C. Cir. 2011) (quoting *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc)). Doubly so when the parties are the *same*. This case is the poster child for our law-of-the-circuit doctrine, which ensures stability, consistency, and evenhandedness in circuit law. *See LaShawn*, 87 F.3d at 1393 & n.2.[2] Having chosen not to seek Supreme Court review in *FedEx I*, the Board cannot effectively nullify this court's decision in *FedEx I* by asking a second panel of this court to apply the same law to the same material facts but give a different answer.[3]

---

[2] *Cf. Brewster v. Commissioner of Internal Revenue*, 607 F.2d 1369, 1373 (D.C. Cir. 1979) (per curiam) ("*Stare decisis* compels adherence to a prior *factually indistinguishable* decision of a controlling court.") (emphasis added); *United States v. Cardales-Luna*, 632 F.3d 731, 734 (1st Cir. 2011) ("[E]ven the narrowest conception of stare decisis demands that two panels faced with the same *legal* question and identical facts reach the same outcome.").

[3] An exception to law-of-the-circuit doctrine applies "when a conflict exists within our own precedent," in which case a subsequent panel is "bound by the earlier" of the two conflicting decisions. *United States v. Old Dominion Boat Club*, 630 F.3d 1039, 1045 (D.C. Cir. 2011); *see also Sierra Club v. Jackson*, 648 F.3d 848, 854 (D.C. Cir. 2011) ("[W]hen a decision of one panel is inconsistent with the decision of a prior panel, the norm is that the later decision, being in violation of that fixed law, cannot prevail."); *Independent Cmty. Bankers of America v. Board of Governors of the Fed. Reserve Sys.*, 195 F.3d 28, 34 (D.C. Cir. 1999) ("[W]hen faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom.") (alteration in original) (quoting *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996)). The Board, however, does not assert such an exception in this case, nor does it claim that its revised view of the common-law agency test is grounded in any prior decision of this court.

To be sure, on matters to which courts accord administrative deference, agencies may change their interpretation and implementation of the law if doing so is reasonable, within the scope of the statutory delegation, and the departure from past precedent is sensibly explained. *See National Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 1001–1002 (2005). But the Supreme Court held in *United Insurance* that the question whether a worker is an "employee" or "independent contractor" under the National Labor Relations Act is a question of "pure" common-law agency principles "involv[ing] no special administrative expertise that a court does not possess." 390 U.S. at 260. Accordingly, this particular question under the Act is not one to which we grant the Board *Chevron* deference or to which the *Brand X* framework applies. *See Aurora Packing Co. v. NLRB*, 904 F.2d 73, 75–76 (D.C. Cir. 1990) ("Deference under the *Chevron* doctrine * * * does not apply here because of the * * * direction that the Board and the courts apply the common law of agency to the issue.").

The Board contends that *FedEx I* transgressed the Supreme Court's command in *United Insurance* to consider and weigh all of the common-law factors in evaluating employee status. But, as we indicated in *Lancaster Symphony*, *FedEx I* did consider all of the common-law factors as the law requires. *See Lancaster Symphony*, 822 F.3d at 565 (citing *FedEx I*, 563 F.3d at 492 & n.1, for the common-law factors that "the Board, like this court, considers" "[i]n conducting th[e employee-or-independent-contractor] inquiry"); *see also FedEx I*, 563 F.3d at 504 ("We have considered all the common law factors, and, on balance, are compelled to conclude they favor independent contractor status.").

Finally, the Board argues that our precedent requires us to enforce a finding of employee status if the Board "made a choice between two fairly conflicting views." *C.C. Eastern*, 60 F.3d at 858 (quoting *North Am. Van Lines*, 869 F.2d at 599).

9

But that standard applies only to the Board's application of established law to a particular factual record. *See Aurora Packing*, 904 F.2d at 75 ("[D]eference would only be extended to the Board's determination of employee status—an 'application of law to fact'—insofar as [the Board] made a 'choice between two fairly conflicting views' in a particular case.") (quoting *United Insurance*, 390 U.S. at 260); *see also C.C. Eastern*, 60 F.3d at 858 (characterizing the Board's employee-or-independent-contractor determination as an "application of the law of agency to established and undisputed findings of fact"). We do not accord the Board such breathing room when it comes to new formulations of the legal test to be applied. In addition, given *FedEx I,* we cannot say that this case involves "two fairly conflicting views" of how the law should apply to these facts.

## III.

In sum, we hold that *FedEx I* answers the case before us, and we accordingly grant FedEx's petitions for review, vacate the Board's orders, and deny the Board's cross-application for enforcement.[4]

*So ordered.*

---

[4] FedEx also argues that the Board erred in overruling two objections to the conduct of the election. As FedEx acknowledges, "it is unnecessary to reach this issue" if the Hartford single-route drivers are "independent contractors" under the Act, Pet'r's Br. 50, as we hold they are.