# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed On: September 17, 2019

No. 18-5148

KHALID AHMED QASSIM,
APPELLANT

v.

DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES, ET
AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:04-cv-01194)

———

On *Sua Sponte* Suggestion for Rehearing En Banc

———

Before: GARLAND, *Chief Judge;* HENDERSON***, ROGERS,
TATEL, GRIFFITH, SRINIVASAN, MILLETT**, PILLARD**,
WILKINS, KATSAS*, and RAO***, *Circuit Judges*

## O R D E R

Following the issuance of the opinion in this case, a
member of the court suggested *sua sponte* that the case be
reheard en banc, see D.C. Circuit Handbook of Practice and
Internal Procedures 59 (2018), and a vote was called.
Thereafter, a majority of the judges eligible to participate did
not vote to rehear this case. See Fed. R. App. P. 35(a). Upon

consideration of the foregoing, it is

**ORDERED** that the *sua sponte* suggestion for rehearing en banc be denied.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Ken Meadows
Deputy Clerk

*Circuit Judge Katsas did not participate in this matter.

** A statement by Circuit Judges Millett and Pillard, and Senior Circuit Judge Edwards, concurring in the denial of rehearing en banc, is attached.

*** A statement by Circuit Judge Henderson, joined by Circuit Judge Rao, dissenting from the denial of rehearing en banc, is attached.

MILLETT and PILLARD, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*, concurring in the denial of rehearing en banc:

With the greatest respect for our two colleagues who have dissented from the denial of rehearing en banc, we note that the court's opinion explains in detail its consistency with circuit and Supreme Court precedent, and principles of *stare decisis*. Furthermore, it is telling that the United States Government has not filed a petition for rehearing en banc in this case voicing any of the concerns that the dissenting opinion raises.

KAREN LECRAFT HENDERSON, *Circuit Judge*, with whom Circuit Judge RAO joins, dissenting from the denial of rehearing en banc:

The panel decision declares that whether the Due Process Clause of the Fifth Amendment applies to detainees at Guantanamo Bay is an open question. *Qassim v. Trump*, 927 F.3d 522, 524 (D.C. Cir. 2019). It is not. The United States Supreme Court has "rejected the claim that aliens are entitled to Fifth Amendment rights outside the sovereign territory of the United States." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 269 (1990) (citing *Johnson v. Eisentrager*, 339 U.S. 763 (1950)). Because "[t]he Guantanamo Naval Base is not part of the sovereign territory of the United States," we recognized in *Kiyemba v. Obama* that Guantanamo Bay detainees are not protected by the Due Process Clause of the Fifth Amendment. 555 F.3d 1022, 1026 & n.9 (D.C. Cir. 2009) ("Decisions of the Supreme Court and of this court . . . hold that the due process clause does not apply to aliens without property or presence in the sovereign territory of the United States."), *vacated by* 559 U.S. 131 (2010), *and reinstated as amended by* 605 F.3d 1046 (D.C. Cir. 2010). *Qassim* thus marks a low point for this Circuit—not because it is incorrectly decided (although it undoubtedly is)—but because going forward no precedent, no matter how clear and on point, is settled under the doctrine of stare decisis. According to this new Circuit law, the way to deal with Supreme Court precedent that the panel finds uncomfortable is to disregard it, and the way to deal with like Circuit precedent is to treat its holding as dictum. Accordingly, I dissent from the denial of rehearing en banc.

Khalid Qassim is detained at the Guantanamo Bay Naval Base and claims that "the government's use of undisclosed classified information as a basis for his detention" violates his right to due process under the Fifth Amendment to the United States Constitution. *Qassim*, 927 F.3d at 524. The district court held that under precedent, Guantanamo Bay detainees

have no such right.[1]  *Id.* at 527 ("The district court denied the motion *in limine*, reading this court's decision in *Kiyemba* as establishing that Qassim had no right to due process.").  The panel reversed, stating that neither *Kiyemba v. Obama* nor "any other decision of this circuit adopted a categorical prohibition on affording detainees seeking habeas relief any constitutional procedural protections."  *Id.* at 524.

En banc review is appropriate if a panel decision creates an irreconcilable conflict with Supreme Court or Circuit precedent.  Fed. R. App. P. 35(a)(1) ("An en banc hearing or rehearing is not favored and ordinarily will not be ordered unless . . . en banc consideration is necessary to secure or maintain uniformity of the court's decisions.").  *Qassim* does both.

*Qassim* ignores controlling Supreme Court precedent.  In *Johnson v. Eisentrager*, the Supreme Court held—in the clearest possible terms—that the Fifth Amendment does not apply to aliens outside the territory of the United States.  339 U.S. at 784–85 ("Such extraterritorial application of organic law would have been so significant an innovation in the practice of governments that, if intended or apprehended, it could scarcely have failed to excite contemporary comment.  Not one word can be cited.  No decision of this Court supports such a view.  None of the learned commentators on our Constitution has ever hinted at it.  The practice of every modern

---

[1]  This has been the uniform reading of *Kiyemba* in the district court.  *See, e.g.*, *Ali v. Trump*, 317 F. Supp. 3d 480, 488 (D.D.C. 2018) ("Unfortunately for [petitioner], our Circuit Court has already held that the due process clause does *not* apply in Guantanamo."); *Rabbani v. Obama*, 76 F. Supp. 3d 21, 25 (D.D.C. 2014) (same); *Ameziane v. Obama*, 58 F. Supp. 3d 99, 103 n.2 (D.D.C. 2014) (same); *Bostan v. Obama*, 674 F. Supp. 2d 9, 29 (D.D.C. 2009) (same).

government is opposed to it." (internal citation omitted)). That indeed is exactly how two other Supreme Court decisions read *Eisentrager*. In *United States v. Verdugo-Urquidez*, the Court described *Eisentrager*'s "rejection of extraterritorial application of the Fifth Amendment" as "emphatic." 494 U.S. at 269. And *Zadvydas v. Davis* declared:

> It is well established that certain constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographic borders. See *United States v. Verdugo–Urquidez,* 494 U.S. 259, 269 (1990) (**Fifth Amendment's protections do not extend to aliens outside the territorial boundaries**); *Johnson v. Eisentrager,* 339 U.S. 763, 784 (1950) (**same**).

533 U.S. 678, 693 (2001) (emphases added).

These cases remain good law. The Supreme Court has never overruled the Fifth Amendment holding in *Eisentrager* and has never disagreed with *Verdugo-Urquidez* or *Zadvydas*. The *Qassim* panel was therefore obligated to follow these decisions, as the *Kiyemba* court did. *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."). How does *Qassim* deal with this Supreme Court authority? It says nothing substantive whatsoever.

*Qassim* also turns its back on Circuit precedent. In *Kiyemba v. Obama*, we reviewed a district court order

requiring the government to release Guantanamo Bay detainees into the United States. *See* 555 F.3d at 1023. We determined that "[d]ecisions of the Supreme Court and of this court . . . hold that the due process clause does not apply to aliens without property or presence in the sovereign territory of the United States." *Id.* at 1026. And *Kiyemba* was far from the first time our court so held. *See, e.g.*, *Jifry v. FAA*, 370 F.3d 1174, 1182 (D.C. Cir. 2004); *32 County Sovereignty Comm. v. Dep't of State*, 292 F.3d 797, 799 (D.C. Cir. 2002); *Harbury v. Deutch*, 233 F.3d 596, 603–04 (D.C. Cir. 2000), *rev'd on other grounds by* 536 U.S. 403 (2002); *People's Mojahedin Org. of Iran v. U.S. Dep't of State*, 182 F.3d 17, 22 (D.C. Cir. 1999); *Pauling v. McElroy*, 278 F.2d 252, 254 n.3 (D.C. Cir. 1960) (per curiam). "The Guantanamo Naval Base is not part of the sovereign territory of the United States." *Kiyemba*, 555 F.3d at 1026 n.9. For that reason, *Kiyemba* held that the Fifth Amendment could not provide legal authority for the district court's release order. *Id.* at 1026.

How does *Qassim* deal with this Circuit precedent? It claims that *Kiyemba*'s holding addressed only the substantive—and not the procedural—due process right of Guantanamo Bay detainees. *See Qassim*, 927 F.3d at 528–29. This is inexplicable: the distinction between procedural and substantive due process appeared nowhere in the *Kiyemba* majority opinion. *But see Kiyemba*, 555 F.3d at 1038 (Rogers, J., concurring in the judgment) ("[T]he majority does not explain how a *lack of procedural due process rights* in petitioners, which *it asserts and uses* to distinguish [a Supreme Court precedent], would go to the power of the court, which the majority finds lacking." (emphases added)). And for good reason. It was unclear whether the district court's release order was based on substantive or procedural due process. *Id.* at 1026 (The district court "said there were 'constitutional limits,' that there was some 'constitutional imperative,' that it needed to

protect 'the fundamental right of liberty.' These statements suggest that the court may have had the Fifth Amendment's due process clause in mind."). The *Kiyemba* majority therefore reasoned that, if the Fifth Amendment and its Due Process Clause do not apply to aliens abroad, the detainees' due process arguments—whether characterized as substantive or procedural—had to be rejected. *Id.* at 1026–27. The *Qassim* panel may wish that *Kiyemba*'s due process holding was narrower but "[a] court's stated and, on its view, necessary basis for deciding does not become dictum because a critic would have decided on another basis." *Kalka v. Hawk*, 215 F.3d 90, 96 (D.C. Cir. 2000) (quoting Henry J. Friendly, *In Praise of* Erie—*And of the New Federal Common Law,* 39 N.Y.U. L. Rev. 383, 386 (1964)).

*Qassim* also suggests that *Kiyemba* could not have denied Guantanamo Bay detainees procedural due process rights in light of the Supreme Court's decision in *Boumediene v. Bush*, 553 U.S. 723 (2008), a case extending the protections of the Suspension Clause of the United States Constitution to the Guantanamo Bay Naval Base. *See Qassim*, 927 F.3d at 528–29. But our decision in *Rasul v. Myers*, 563 F.3d 527 (D.C. Cir. 2009) (per curiam), already rejected this view. There we said *Boumediene* "stressed that its decision 'does not address the *content of the law* that governs petitioners' detention'" and "disclaimed any intention to disturb existing law governing the extraterritorial reach of any constitutional provisions, other than the Suspension Clause." *Id.* at 529 (quoting *Boumediene*, 553 U.S. at 798); *accord Bahlul v. United States*, 840 F.3d 757, 796 (D.C. Cir. 2016) (en banc) (Millett, J., concurring) ("[*Boumediene*'s] holding, however, was 'explicitly confined only to the extraterritorial reach of the Suspension Clause,' . . . [a]nd it is settled that certain other constitutional provisions do not protect aliens outside the sovereign United States. *See, e.g.*, *Kiyemba v. Obama*, 555 F.3d 1022, 1026 & n.9 (D.C. Cir.

2009) (Due Process Clause of Fifth Amendment does not apply to aliens at Guantanamo).” (internal citation omitted) (quoting *Rasul*, 563 F.3d at 529)). In fact, *Rasul* explicitly affirmed that the holdings of *Eisentrager*—“that aliens detained on a U.S. military base outside sovereign U.S. territory have no due process rights”—and of *Kiyemba*—“that alien detainees at Guantanamo cannot invoke the Due Process Clause”— survived *Boumediene*. 563 F.3d at 529.

One final observation is in order. “[W]hen a decision of one panel is inconsistent with the decision of a prior panel, the norm is that the later decision, being a violation of fixed law, cannot prevail.” *Sierra Club v. Jackson*, 648 F.3d 848, 854 (D.C. Cir. 2011). In the event of a conflict, a subsequent panel must follow the earlier of the two conflicting decisions. *FedEx Home Delivery, an operating division of FedEx Ground Package Sys., Inc. v. NLRB*, 849 F.3d 1123, 1127 n.3 (D.C. Cir. 2017). *Kiyemba* unmistakably held that Guantanamo Bay detainees lack due process rights. Although *Qassim* now creates an intra-Circuit conflict, future panels of this court remain bound by *Kiyemba*, not to mention by the Supreme Court cases—*Eisentrager*, *Verdugo-Urquidez* and *Zadvydas*— that *Qassim* overlooks. *Qassim v. Trump* should remain nothing more than a blind alley in our Circuit law.

\* \* \*

*Qassim* disregards Supreme Court precedent and creates an intra-Circuit conflict. The case for rehearing en banc could not be stronger. I respectfully dissent.